TAMI S. SMASON CA Bar No. 120213
    tsmason@foley.com
SONIA SALINAS CA Bar No. 250197 (*admission pending*)
    ssalinas@foley.com
**FOLEY & LARDNER LLP**
ATTORNEYS AT LAW
555 SOUTH FLOWER STREET, SUITE 3500
LOS ANGELES, CA 90071-2411
TELEPHONE:   213.972.4500
FACSIMILE:    213.486.0065

CHRISTI R. ADAMS, FLA BAR NO. 0498351 (*admission pending*)
    cadams@foley.com
**FOLEY & LARDNER LLP**
ATTORNEYS AT LAW
111 NORTH ORANGE AVENUE, SUITE 1800
ORLANDO, FLORIDA  32801-2386
TELEPHONE:   407.423.7656
FACSIMILE:    407.648.1743

Attorneys for Defendant FIA CARD SERVICES, N.A.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DISTRICT

| | |
|---|---|
| STEPHEN GENCO<br><br>Plaintiff,<br><br>v.<br><br>FIA CARD SERVICES, N.A. also known as BANK OF AMERICA CARD SERVICES<br><br>Defendant. | Case No: CV-10-04259 JW<br><br>**ANSWER TO COMPLAINT**<br><br>Judge: Honorable James Ware |

Defendant, FIA Card Services, N.A. ("Answering Defendant" or "FIA"), hereby answers plaintiff Stephen Genco's ("Plaintiff") Complaint (the "Complaint") filed on September 21, 2010 as follows:

1.     FIA admits that this Court has jurisdiction over the instant matter. FIA denies the remaining allegations in paragraph 1 of the Complaint.

2.     FIA admits the allegations contained in paragraph 2 of the Complaint relating to proper venue.  FIA lacks sufficient information to form a belief as to the truth of the allegations contained in paragraph 2 of the Complaint, and therefore,

denies those allegations

3. FIA lacks sufficient information to form a belief as to the truth of the allegations contained in paragraph 3 of the Complaint, and therefore, denies those allegations.

4. FIA admits that it is a national bank in the business of providing credit card services. FIA denies the remaining allegations in paragraph 4 of the Complaint.

5. FIA admits that Plaintiff opened a business checking account for Lucid Systems, Inc. ("Lucid") with Bank of America, N.A. FIA lacks sufficient information to form a belief as to the truth of the remaining allegations contained in paragraph 5 of the Complaint, and therefore, denies those allegations.

6. FIA denies the allegations contained in paragraph 6 of the Complaint.

7. FIA admits that Lucid had a business credit card account with FIA that was guaranteed by Plaintiff. FIA also admits that monthly statements for the business card were sent to Lucid's headquarters in San Francisco, CA. FIA lacks sufficient information to form a belief as to the truth of the remaining allegations contained in paragraph 7 of the Complaint, and therefore, denies those allegations.

8. FIA lacks sufficient information to form a belief as to the truth of the allegations contained in paragraph 8 of the Complaint, and therefore, denies those allegations.

9. FIA lacks sufficient information to form a belief as to the truth of the allegations contained in paragraph 9 of the Complaint, and therefore, denies those allegations.

10. FIA admits that Lucid failed to make its monthly payment on the business credit card, and as the guarantor of the account, Plaintiff may be held liable for the balance due. FIA lacks sufficient information to form a belief as to the truth of the remaining allegations contained in paragraph 10 of the Complaint, and therefore, denies those allegations.

11. FIA lacks sufficient information to admit or deny what statements Plaintiff made to FIA's representative, and therefore denies same. FIA also lacks sufficient information to form a belief as to the truth of the remaining allegations contained in paragraph 11 of the Complaint, and therefore, denies those allegations.

12. FIA admits that it sent Plaintiff correspondence related to his status as primary guarantor on the business credit card account. FIA lacks sufficient information to form a belief as to the truth of the remaining allegations contained in paragraph 12 of the Complaint, and therefore, denies those allegations.

13. FIA admits that it sent Plaintiff correspondence related to his status as primary guarantor on the business credit card account. FIA lacks sufficient information to form a belief as to the truth of the remaining allegations contained in paragraph 13 of the Complaint, and therefore, denies those allegations..

14. FIA admits that it sent Plaintiff correspondence related to his status as primary guarantor on the business credit card account, including a copy of the application. FIA lacks sufficient information to form a belief as to the truth of the remaining allegations contained in paragraph 14 of the Complaint, and therefore, denies those allegations.

15. FIA admits that Plaintiff was provided notice of its offset. FIA lacks sufficient information to form a belief as to the truth of the remaining allegations contained in paragraph 15 of the Complaint, and therefore, denies those allegations.

16. FIA lacks sufficient information to form a belief as to the truth of the allegations contained in paragraph 16 of the Complaint, and therefore, denies those allegations.

17. FIA admits that pursuant to the Business Card Agreement, Plaintiff agreed to be personally liable for the debt on the business card account. FIA lacks sufficient information to form a belief as to the truth of the remaining allegations

contained in paragraph 17 of the Complaint, and therefore, denies those allegations.

18. FIA lacks sufficient information to form a belief as to the truth of the allegations contained in paragraph 18 of the Complaint, and therefore, denies those allegations.

19. FIA lacks sufficient information to form a belief as to the truth of the allegations contained in paragraph 19 of the Complaint, and therefore, denies those allegations. Specifically, FIA lacks information regarding to which entity Plaintiff sent his alleged letter.

20. FIA admits that FIA continued to bill Plaintiff, and reported the tradeline on his credit report.

21. FIA lacks sufficient information to form a belief as to the truth of the allegations contained in paragraph 21 of the Complaint, and therefore, denies those allegations.

22. FIA admits that it received notices from the credit bureaus to which it reports that Plaintiff disputed the tradeline.

23. FIA admits the allegations contained in paragraph 23 of the Complaint as to FIA.

24. FIA lacks sufficient information to form a belief as to the truth of the allegations contained in paragraph 24 of the Complaint, and therefore, denies those allegations.

25. FIA denies the allegations in paragraph 25.

## FIRST CLAIM FOR RELIEF AGAINST BANK OF AMERICA
### (Fair Credit Reporting Act)

26. FIA re-alleges and incorporates its responses to paragraphs 1 through 25 as is fully set forth herein.

27. To the extent paragraph 27 of the Complaint avers legal conclusions,

1 no response is required.  15 U.S.C. §1681s-2b speaks for itself.

2     28.    FIA admits that it received notices of Plaintiff's dispute from the credit reporting agencies to which it reports.  FIA lacks sufficient information to form a belief as to the truth of the remaining allegations contained in paragraph 28 of the Complaint, and therefore, denies those allegations.

    29.    FIA denies the allegations contained in paragraph 29 of the Complaint.

    30.    FIA admits that after a reasonable investigation, FIA reported to the credit reporting agencies that the derogatory credit information reported with respect to the business credit account was correct.

    31.    FIA denies the allegations contained in paragraph 31 of the Complaint.  To the extent paragraph 31 of the Complaint avers legal conclusions, no response is required.

## SECOND CLAIM FOR RELIEF AGAINST BANK OF AMERICA
### (California Consumer Credit Reporting Agencies Act)

    32.    FIA re-alleges and incorporates its responses to paragraphs 1 through 31 as is fully set forth herein.

    33.    FIA denies the allegations contained in paragraph 33 of the Complaint.

    34.    FIA denies the allegations contained in paragraph 34 of the Complaint.

    35.    FIA denies the allegations contained in paragraph 35 of the Complaint.

## PRAYER FOR RELIEF

    36.    FIA denies that Plaintiff is entitled to damages of any kind, and therefore, demands judgment in its favor and such other relief as the Court deems appropriate.

# FIA'S AFFIRMATIVE AND OTHER DEFENSES

## First Defense

## (Failure to State a Cause of Action)

1. Plaintiff has failed to meet his burden inasmuch as the Complaint, and each of its purported causes of action, fails to state facts sufficient to constitute a claim against FIA.

## Second Defense

## (Failure to State a Claim Upon Which Relief Can Be Granted)

2. Plaintiff has failed to meet his burden inasmuch as the allegations contained in Plaintiff's Complaint, or any purported claims alleged therein, fail to state a claim upon which relief can be granted.

## Third Defense

## (Conduct Not Unlawful)

3. Any alleged statement or information provided to any credit reporting agency by FIA was not false and was provided in good faith. Further, FIA properly investigated Plaintiff's account. FIA accurately reported the status of Plaintiff's account to the credit bureaus. At all material times hereto FIA complied with the provisions of 15 U.S.C. § 1681s-2 and California Civil Code §1785.25(a).

## Fourth Defense

## (Conduct Not Intentional or Willful)

4. Plaintiff has failed to meet his burden inasmuch as this action is barred, in whole or in part, because FIA's actions were not intentional or willful (*i.e.*, FIA did not know nor should have known that the information provided was inaccurate). To the extent that there were any purported violations of the Fair Credit Reporting Act ("FCRA") or California Consumer Credit Reporting Agencies Act ("CCCRAA"), those purported violations were the result of bonafide errors, despite procedures provided to safeguard against such error. To the extent there were any purported violations of the FCRA or CCCRAA, FIA did not have

the requisite state of mind to commit any such violations.

### Fifth Defense

### (The FCRA Preempts the California Consumer Credit Reporting Agencies Act)

5. To the extent that Plaintiff's claim pursuant to the CCCRAA is preempted by the FCRA, it is barred as a matter of law. 15 U.S.C. § 1681t(b)(1)(F).

### PRAYER

WHEREFORE, FIA prays that this Court enter a judgment as follows:

1. That the FIA be dismissed with prejudice and that judgment be entered in favor of FIA;

2. The Plaintiff take nothing by way of his Complaint;

3. That FIA be awarded its costs of suit incurred in defense of this action, including reasonable attorneys' fees; and

4. That FIA be awarded such other and further relief as the Court may deem appropriate.

Dated: November 19, 2010

Foley & Lardner LLP
Tami S. Smason
Leila Nourani
Sonia Salinas

By: */s/ Tami S. Smason*
Tami S. Smason
Attorney for Defendant FIA Card Services N.A.